Michelle HARDING, Plaintiff,

v.

GOODYEAR TIRE & RUBBER CO., Defendant.

No. 95–4035–RDR.

United States District Court, D. Kansas.

Jan. 27, 1997.

Pedro L. Irigonegaray, Irigonegaray & Associates, Richard D. Anderson, Topeka, KS, for Plaintiff.

Tammy L. Womack, Stinson, Mag & Fizzell, P.C., Kansas City, MO, Deborah A. Neubauer, The Goodyear Tire & Rubber Co., Law Department, Akron, OH, for defendant.

Donald A. Frigon, Frigon Law Firm, Dodge City, KS, for movant.

### MEMORANDUM AND ORDER

ROGERS, Senior District Judge.

This case is now before the court upon defendant's motion to reopen discovery and for leave to amend defendant's witness and exhibit list. At the hearing on this motion, defendant's counsel suggested that the motion might be more properly considered as a motion to compel disclosure mandated by FED.R.CIV.P. 26. Regardless of the motion's title, the court has considered the merits of the issues raised by the motion. Also pending and related to this matter is a motion to quash filed on behalf of New Chance, Inc.

This is an employment discrimination case set for trial on February 3, 1997. The pretrial order was entered on January 31, 1996. At that time it was announced that discovery was closed. Defendant changed counsel in December 1996. New counsel filed this motion on January 3, 1997.

Defendant seeks to reopen or compel discovery for the limited purpose of reviewing plaintiff's medical and psychiatric records from October 20, 1990 to the present. This case involves plaintiff's short period as a probationary employee and termination as an employee at Goodyear. Plaintiff was hired on September 13, 1993 and terminated on October 20, 1993.

Plaintiff is seeking compensatory damages for emotional distress. Plaintiff is also seeking damages for uninsured medical bills on the theory that had she retained her employment with Goodyear, she would have had insurance to pay these bills.

It appears that the bills have been shared in discovery. However, defendant asserts that there are medical records relating to psychiatric care or drug and alcohol treatment which are relevant to plaintiff's claim of emotional distress damages.

Defendant admits that prior counsel did not ask for plaintiff's medical and psychiatric records. However, defendant contends that plaintiff was obliged to produce these records without a request under the mandatory disclosure provisions of FED.R.CIV.P. 26(a)(1)(C):

> [A] party shall, without awaiting a discovery request, provide to other parties: ... (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, *including materials bearing on the nature and extent of injuries suffered;*

(Emphasis added).

Plaintiff opposes the motion arguing that defendant has waited too long and that defendant has had multiple opportunities to ask for this information. Plaintiff has not directly responded to the assertion that plaintiff failed to comply with the mandatory disclosure requirements of FED.R.CIV.P. 26. But, it is clear that plaintiff's counsel believes that the discovery process in this case has been conducted openly, fairly, and in good faith. Plaintiff contends that a last minute change in defense counsel should not cause changes in well-settled schedules and pretrial orders.

■ A district court has wide discretion in its regulation of pretrial matters, including whether to reopen discovery. *Sil–Flo, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1514 (10th Cir.1990). In reviewing the exercise of this discretion, courts have considered: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." *Sil–Flo, Inc.,* 917 F.2d at 1514 (quoting *Smith v. United States,* 834 F.2d 166, 169 (10th Cir.1987)).

■ Looking at these factors, most of them argue against reopening discovery. Trial is imminent. The request is opposed. Defendant has not been diligent in seeking this discovery, and the alleged need for this discovery was foreseeable. It is difficult to gauge the other factors without knowing what is contained in the materials sought by defendant. The relevance of the materials and the prejudice to plaintiff depend upon plaintiff's testimony, the contents of the records, and how they might be used on cross-examination.

■ Plaintiff's adherence to FED. R.CIV.P. 26 is also difficult to judge without knowing what plaintiff is going to present at trial regarding emotional distress. At this time, it appears that plaintiff is not going to allege permanent emotional damage or claim that her termination caused a drug or alcohol abuse problem or present any expert testimony concerning the severity of her alleged emotional distress. Such being the case, the court is unwilling at this point to hold that plaintiff failed to make a good faith effort to comply with the mandatory disclosure requirements of FED.R.CIV.P. 26.

If plaintiff's evidence differs significantly from this description, then the court will find that FED.R.CIV.P. 26 has been violated and

direct as a sanction that the nonconforming evidence be stricken or disregarded. If plaintiff determines in advance of trial that the evidence of emotional distress will be more serious than the above forecast, then plaintiff should share the requested relevant records with defendant.

Upon these findings and conditions, the court shall deny defendant's motion to re-open discovery and to amend the witness and exhibit list. On the basis of this holding, the court finds that the motion to quash filed on behalf of New Chance, Inc. is moot.

**IT IS SO ORDERED.**